IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMX INTERNATIONAL, INC., an Idaho corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. CV-09-210-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion to Dismiss (Docket No. 4) for failure to state a claim on which relief can be granted. The Court heard oral argument on December 15, 2009 and has considered the parties' briefing. For the following reasons, the Court will grant the Motion, but with leave for Plaintiff to amend its Complaint (Docket No. 1).

## BACKGROUND

Plaintiff AMX International, Inc. (AMX) contracts with businesses and government entities to provide software development and information management services. *See Memorandum Decision and Order* (Docket No. 4-1) at 11. AMX

**Memorandum Decision & Order -- page 1**

contracted to provide services to Defendant Battelle Energy Alliance (Battelle). Trevor Ball, a computer software engineer, was an employee of AMX who was assigned to the Battelle contract. Docket No. 4-1 at 11-12. Ball's employment agreement with AMX included a provision that Ball would not work, directly or indirectly, with an active client of AMX upon termination of Ball's employment with AMX. *Id.* at 12.

In February 2008, Ball applied for a job working directly for Battelle and was subsequently offered the position. *Id.* at 13. Ball provided AMX a letter of resignation on June 18, 2008 and began work for Battelle on July 14, 2008. *Id.* AMX filed an action in state court to enjoin Ball from continuing employment with Battelle based on the contract between Ball and AMX. The District Court in Bonneville County, Idaho denied the request for injunctive relief on January 29, 2009. Thereafter, AMX filed this action against Battelle alleging tortious interference with a business contract. Battelle now moves to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6).

## ANALYSIS

**A.     Complaint Must Plead Sufficient Facts**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

**Memorandum Decision & Order -- page 2**

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570; *see Iqbal*, 129 S.Ct. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In its Complaint, AMX alleges that Battelle tortiously interfered with the employment contract between AMX and Ball – specifically, the non-competition agreement included in the employment contract. *Complaint* (Docket No. 1) at 2. The elements for a prima facie showing of tortious interference with a contract include (1) the existence of a contract, (2) knowledge of the contract by the

**Memorandum Decision & Order -- page 3**

defendant, (3) intentional interference that causes breach of the contract, and (4) injury to the plaintiff as a result of the breach." *BECO Construction Co., Inc. v. J-U-B Engineers, Inc.*, 145 Idaho 719, 724, 184 P.3d 844 (Idaho 2008), *citing Barlow v. Internat'l Harvester Co.*, 95 Idaho 881, 893, 522 P.2d 1102 (Idaho 1974).

According to the Complaint, AMX's employment contracts prohibit employees from seeking or taking employment with active clients of AMX. *Complaint* (Docket No. 1) at 2. The Complaint alleges that Battelle "possessed knowledge of AMX's contracts, including the Non-Competition Agreements, with AMX employees." *Id*. The Complaint then alleges that Battelle "has repeatedly, intentionally interfered with AMX's contracts with AMX's employees," which has resulted in repeated breaches of AMX's contracts with its employees and has caused damage to AMX. *Id.* The Complaint contains sufficient factual matter regarding the first two elements of a claim for tortious interference. However, AMX's allegations addressing the third and fourth elements contain legal conclusions without sufficient facts from which to draw a reasonable inference that Battelle is liable. The Complaint must, at minimum, articulate what action Battelle took that interfered with AMX's contracts, and what damage AMX suffered as a result of the breach.

**Memorandum Decision & Order -- page 4**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Because AMX has failed to state sufficient facts to support its claim for relief under the heightened *Twombly-Iqbal* standard, the Court will dismiss, but with leave to amend and allege other facts as referenced above.

## B.   The "Stranger To The Contract" Requirement

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *citing Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). In its motion to dismiss, Battelle contends that the Complaint should be dismissed with prejudice because AMX cannot allege or prove facts necessary to establish a tortious interference claim.

As a general rule, a party cannot tortiously interfere with its own contract.

**Memorandum Decision & Order -- page 5**

*BECO Constr.*, 145 Idaho at 724, *citing Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho*, 123 Idaho 650, 654, 851 P.2d 946, 950 (Idaho 1993).  Also, "a claim for tortious interference with contractual relations requires proof that the defendant is a stranger to the contract with which the defendant allegedly interfered and to the business relationship giving rise to the contract."  *BECO Constr.*, 145 Idaho at 724, *citing* 44B Am. Jur.2d Interference § 7).  This requirement lies at the heart of Battelle's motion.   Battelle contends that it cannot be held liable for tortious interference because it was not a "stranger to the contract," and was not a stranger to the business relationship between AMX and its employees.

The "stranger to the contract" doctrine was addressed in an American Jurisprudence article – relied on heavily by the court in *BECO Construction* – which states that:

> Where *a defendant has a legitimate interest in* either the *contract or a party to the contract*, the defendant *is not a stranger to the contract* itself or to the business relationship giving rise thereto and underpinning the contract.  *All parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships*.

44B Am. Jur. 2d Interference § 7 (emphasis added).  Battelle contends that a defendant is not a stranger to the contract if it has any involvement or relationship to the parties' contract, while AMX contends that a defendant is a stranger to the

**Memorandum Decision & Order -- page 6**

contract unless it has a relationship, akin to that of an agent, with one of the parties to the contract.  Battelle and AMX have, respectively, over- and under-stated the "stranger to the contract" requirement.  The Court concludes that a defendant is not a "stranger to the contract" and cannot be held liable on a claim of tortious interference if the defendant is meaningfully and substantially involved in the contractual arrangement or business relationship at issue.  Applying that standard here requires a fact-intensive inquiry into the nature of the relationship between AMX and Battelle, as well as the extent to which Battelle has become involved in the contract and business relationship between AMX and its employees.

Battelle contends that Battelle had significant involvement in both the selection of AMX's employees for Battelle's contracts, and exercised significant control over the work performed by AMX employees for Battelle.  AMX countered that the specifics of the contract between AMX and Battelle are very much disputed.  Because the parties are not in agreement as to the nature of the relationships between the parties, it would be premature for the Court to address the question of whether the "stranger to the contract" doctrine applies.  Battelle's Motion to Dismiss on that basis will therefore be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion

**Memorandum Decision & Order -- page 7**

to Dismiss (Docket No. 4) shall be, and the same is hereby GRANTED with LEAVE TO AMEND. Plaintiff AMX shall have thirty days to amend its Complaint (Docket No. 1) to state sufficient facts supporting its claim for relief in accordance with this decision.



DATED: **December 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge